In the matter of the Petition of the WATER COMMISSIONERS, &c.

---

Costs can be awarded where the presiding officer sits as a judge of the court, in matters or causes within its general and ordinary jurisdiction; but where proceedings under a local statute are to be passed upon by the court, the presiding judge is limited to the powers of the act and cannot, under general chancery jurisdiction, award costs, even in the case of an infant.

---

UNDER the act, entitled, "an act to provide for supplying the city of New York with pure and wholesome water," passed May 2nd, 1834, it was necessary to take a piece of land in which Pierre M. Van Wyck, an infant, was interested. A guardian *ad litem* had been appointed ; and the question was,

as to his being allowed his costs. The guardian *ad litem* insisted that the court had the power to award costs under the general act : 2 R. S. 613.

1836.

MATTER OF
WATER COM-
MISSIONERS.

Mr. *Jesse Oakley*, for the guardian.

THE VICE-CHANCELLOR :—Costs are the creature of statute. The foundation of the jurisdiction of the court of chancery in relation to costs is statutory : Beames on Costs, ch. 1. If these proceedings, in behalf of the Water Commissioners, were in the court of chancery as such, and of which the court had jurisdiction to be exercised by the chancellor or a vice-chancellor in his capacity of judge of the court, there would seem to be no difficulty, under the general power conferred by the revised statutes, about awarding costs : *In the matter of Hemiup*, 3 Paige's C. R. 11. I consider these proceedings not of that character. The act under which they are had (Laws of 57th Session, ch. 256,) does not confer any power upon the chancellor or the court of chancery. It gives the court no general jurisdiction. It merely authorizes " the vice-chancellor of the first circuit" to appoint appraisers and to confirm their report, &c. It is true, their report is to be made to the court, and the court is to direct to whom the money awarded may be paid : but, in all this, the vice-chancellor acts as a special agent of the law, to execute a particular power delegated to him alone and not to the court; and though the word *court* is used in the act, it has reference to the special authority which the vice-chancellor has to exercise.

It will be seen that the language of the act, in relation to the commissioners of estimate and assessment for opening streets, &c., in the city of New York, is much stronger towards conferring powers upon the judges of the supreme court, as a court, and yet, they have always considered themselves to be mere commissioners of review, confirming or sending back the report, and not as acting in their capacity of judges of the supreme court of the state. In no instance, as I am informed, have they ever felt themselves authorized to award costs in such proceedings before them.

The act under which the present proceedings are had is si-

VOL. III.—8

lent as to costs; and, as was said by the Lord Chancellor in the case of *The Bedford Charity*, 2 Swanst. at p. 532, I cannot give costs unless the statute authorizes me. In a cause I have power to give them, but not on proceedings in this my special and summary jurisdiction.

Costs denied.